UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Civil Action No.   4:17-cv-153

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

TAUBER OIL COMPANY,

       Defendant.

## COMPLAINT

Plaintiff United States of America, by its undersigned attorneys, by authority of the Attorney General of the United States and acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

### STATEMENT OF THE CASE

1.    This is a civil action against Tauber Oil Company ("Tauber" or "Defendant") brought under Section 211(d) of the Clean Air Act ("Act"), 42 U.S.C. § 7545(d), for violations of Sections 211(a) and (f) of the Act, 42 U.S.C. §§ 7545(a) and (f), and the regulations promulgated under Section 211(b) of the Act, 42 U.S.C. § 7545(b), published at 40 C.F.R. Part 79, relating to Defendant's production and sale of a product it marketed under the name "Mixed Alcohol" for use as a fuel additive.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction over the subject matter of this action and the parties under 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d).

3.	The United States district courts are authorized to restrain violations, award other appropriate relief, and assess civil penalties for violations of Section 211 of the Act, 42 U.S.C. § 7545, and the regulations promulgated thereunder. *See* 42 U.S.C. §§ 7524(b), 7545(d).

4.	Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), 1395(a), and Section 205(b) of the Act, 42 U.S.C. § 7524(b), because the violations which are the basis of this Complaint occurred in this District, and the Defendant resides in this District.

## AUTHORITY

5.	The United States Department of Justice has authority to bring this action on behalf of the Administrator of the EPA under 28 U.S.C. §§ 516 and 519, and Section 305(a) of the Act, 42 U.S.C. § 7605(a).

## DEFENDANT

6.	Tauber is a privately-held Texas corporation engaged in the marketing and sale of petroleum and chemical products, with its principal place of business in Houston, Texas.

## STATUTORY AND REGULATORY PROVISIONS

7.	Section 211 of the Act, 42 U.S.C. § 7545, and the regulations promulgated thereunder, establish fuel quality and emissions standards, including requirements relating to the registration and sale of fuel additives, to reduce air pollution from mobile sources (*e.g.*, passenger cars). The fuel additive requirements were developed, in part, to provide the EPA with information on fuel additive composition to prevent potential increases in harmful pollutants that

may result either directly from the combustion of additive-containing fuel or indirectly due to the degradation of vehicle emission control systems that additive-containing fuel can cause. *See* 40 Fed. Reg. 52,009 (Nov. 7, 1975).

8. A fuel "additive" is defined as "any substance, other than one composed solely of carbon and/or hydrogen, which is intentionally added to a fuel named in the designation (including any added to a motor vehicle's fuel system) and which is not intentionally removed prior to sale or use." 40 C.F.R. § 79.2(e). A fuel "additive manufacturer" is defined as "any person who produces, manufactures, or imports an additive for use as an additive and/or sells or imports for sale such additive under the person's own name." 40 C.F.R. § 79.2(f).

9. No manufacturer or processor of a designated fuel additive may sell, offer for sale, or introduce into commerce such fuel additive unless it has been registered in accordance with Section 211(b) of the Act, 42 U.S.C. § 7545(b). 42 U.S.C. § 7545(a); 40 C.F.R. § 79.4(b). All additives produced or sold for use in motor vehicle gasoline and/or motor vehicle diesel fuel have been designated. 40 C.F.R. § 79.31(a).

10. Section 211(f) of the Act, 42 U.S.C. § 7545(f), provides that it is unlawful for any manufacturer of any fuel additive to first introduce into commerce, or to increase the concentration in use of, any fuel or fuel additive in motor vehicles manufactured after model year 1974 that is not "substantially similar" to any fuel or fuel additive utilized in the certification of any model year 1975, or subsequent model year, vehicle or engine under Section 206 of the Act, 42 U.S.C. § 7525, unless this prohibition has been waived by the EPA for a fuel or fuel additive or specified concentration thereof under Section 211(f)(4) of the Act, 42 U.S.C. § 7545(f)(4).

11. The "substantially similar" requirement is intended to ensure that changes to fuels and fuel additives do not cause or contribute to a failure of emission control devices to achieve

compliance (over the useful life of the associated mobile source) with the emission standards to which the mobile source has been certified. *See* 42 U.S.C. § 7545(f)(4) (noting determinations the Administrator must make to provide a waiver of the "substantially similar" requirement).

12. In 1991, EPA promulgated an interpretive rule defining the term "substantially similar." 56 Fed. Reg. 5352 (Feb. 11, 1991). The interpretive rule sets forth criteria that must be met for a fuel additive to be "substantially similar" to a fuel or fuel additive used in the certification of a motor vehicle or engine. One criteria is that the fuel containing the fuel additive may only contain up to 0.3 percent methanol by volume, unless it also contains an equal volume of butanol, or higher molecular weight alcohol, in which case it can contain up to 2.75 percent methanol by volume.

13. Any person who violates Sections 211(a) and (f) of the Act, 42 U.S.C. §§ 7545(a) and (f), or the regulations prescribed under Section 211(b) of the Act, 42 U.S.C. § 7545(b), is liable for a civil penalty of up to $25,000 per day for each day of violation, plus the amount of economic benefit or savings resulting from the violation. 42 U.S.C. § 7545(d)(1). For violations occurring after January 12, 2009, civil penalties have been increased to up to $37,500 per day, plus the amount of economic benefit or savings resulting from the violation. 40 C.F.R. § 19.4.

## GENERAL ALLEGATIONS

14. Tauber is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

15. From approximately 2010 through April 2012, Tauber combined various alcohol streams to produce a product it called "Mixed Alcohol" in a leased a shore tank at a NuStar Energy L.P. facility in Texas City, Texas.

16. Tauber sold approximately 1.9 million gallons of Mixed Alcohol to Gulftech Marketing, LP, which blended the Mixed Alcohol into fuel prior to distribution to service stations.

17. At all relevant times, Mixed Alcohol contained, *inter alia*, oxygen and was thus not composed "solely of carbon and/or hydrogen."

18. From approximately 2010 through April 2012, Mixed Alcohol was an additive within the meaning of 40 C.F.R. § 79.2(e).

19. From approximately 2010 through April 2012, Tauber was an additive manufacturer within the meaning of 40 C.F.R. § 79.2(f).

**FIRST CLAIM FOR RELIEF**
(Violations of Fuel Additive Registration Requirements)

20. Paragraphs 1 through 19 are re-alleged and incorporated by reference.

21. Defendant did not register Mixed Alcohol as a fuel additive with the EPA (including its commercial name, manufacturer, range of concentration in fuel, and chemical composition).

22. From approximately 2010 through April 2012, Defendant violated Section 211(a) of the Act, 42 U.S.C. § 7545(a), and 40 C.F.R. § 79.4(b), by selling, offering for sale, and introducing into commerce 1.9 million gallons of Mixed Alcohol without first registering Mixed Alcohol as a fuel additive in accordance with Section 211(b) of the Act, 42 U.S.C. § 7545(b).

23. The violations set forth above subject Defendant to civil penalties of up to $37,500 per day, plus the amount of any economic benefit or savings resulting from the violations. 42 U.S.C. § 7545(d); 40 C.F.R. § 19.4.

**SECOND CLAIM FOR RELIEF**
(Violations of the Substantially Similar Requirements)

24. Paragraphs 1 through 19 are re-alleged and incorporated by reference.

25. At all relevant times, Mixed Alcohol was not "substantially similar" to any fuel or fuel additive as that term is defined by the EPA's interpretive rule. *See* 56 Fed. Reg. 5352 (Feb. 11, 1991). Among other things, fuel containing Mixed Alcohol had greater than 2.75 percent methanol by volume. Further, fuel containing Mixed Alcohol did not contain a volume of butanol (or higher molecular weight alcohol) maintained at least equal to the volume of methanol.

26. At all relevant times, Mixed Alcohol did not comply with any existing waiver the EPA had provided under Section 211(f)(4) of the Act, 42 U.S.C. § 7545(f)(4). Further, Defendant never sought or received a waiver for Mixed Alcohol.

27. From approximately 2010 through April 2012, Defendant violated Section 211(f) of the Act, 42 U.S.C. § 7545(f), by first introducing into commerce, or increasing the concentration in use of, any fuel or fuel additive in motor vehicles manufactured after model year 1974 which was not substantially similar to any fuel or fuel additive utilized in the certification of any model year 1975, or subsequent model year, vehicle or engine under Section 206 of the Act, 42 U.S.C. § 7525, and which was not covered by a waiver under Section 211(f)(4) of the Act, 42 U.S.C. § 7545(f)(4).

28. The violations set forth above subject Defendant to civil penalties of up to $37,500 per day, plus the amount of any economic benefit or savings resulting from the violations. 42 U.S.C. § 7545(d); 40 C.F.R. § 19.4.

**PRAYER FOR RELIEF**

WHEREFORE, based on the allegations contained in paragraphs 1 through 28 above, Plaintiff respectfully requests that this Court:

A.      Assess a civil penalty against Defendant for each violation of the Act, and the regulations promulgated thereunder, of up to $37,500 per day for each violation, plus the amount of economic benefit or savings resulting from the violation;

B.      Permanently enjoin Defendant from further violating the Act, and the regulations promulgated thereunder;

C.      Order Defendant to take appropriate actions to remedy, mitigate, and offset the harm to public health and the environment caused by the violations alleged above;

D.      Award Plaintiff its costs of this action; and

E.      Grant such other relief as the Court deems just and proper.

        Respectfully submitted,

        FOR THE UNITED STATES OF AMERICA

        NATHANIEL DOUGLAS
        Deputy Chief
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice

        */s/ James D. Freeman*_____
        JAMES D. FREEMAN
        Attorney-In-Charge; Colorado Bar No. 33565
        Senior Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        999 18th Street; South Terrace, Suite 370
        Denver, Colorado 80202
        Phone: 303-844-1489
        Fax: 303-844-1350

                                                KENNETH MAGIDSON
                                                United States Attorney
                                                Southern District of Texas

OF COUNSEL:

VIRGINIA SORRELL
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency