United States District Court
Southern District of Texas
**ENTERED**
March 02, 2017
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

Civil Action No.  4:17-cv-153

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

TAUBER OIL COMPANY,

        Defendant.

---

## <u>STIPULATION OF SETTLEMENT AND ORDER</u>

WHEREAS Plaintiff United States of America, by authority of the Attorney General of the United States and acting at the request of the United States Environmental Protection Agency, filed a Complaint against Defendant Tauber Oil Company ("Tauber") pursuant to Sections 211(d) and 205(b) of the Clean Air Act (the "Act"), 42 U.S.C. §§ 7545(d) and 7524(b), to recover penalties relating to Defendant's production and sale of a product called Mixed Alcohol that did not meet the "substantially similar," requirements in Section 211(f) of the Act, 42 U.S.C. § 7545(f), and that was not registered as a fuel additive in accordance with Section 211(b) of the Act, 42 U.S.C. § 7545(b).

WHEREAS Defendant represents that it ceased all sales of Mixed Alcohol for use in any type of domestic fuel in April, 2012, after the EPA began investigating the alleged violation;

WHEREAS Defendant contends that it has a limited ability to pay civil penalties and has provided Plaintiff with statements of income for calendar years 2014 and 2015;

WHEREAS, Plaintiff and Defendant have agreed that settlement of this matter is in the public interest and that entry of this Order without further litigation is the most appropriate means of resolving this matter; and

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, and upon consent and agreement of the parties to this Stipulation, it is hereby AGREED:

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 42 U.S.C. §§ 7524 and 7545.

2.      The obligations of this Stipulation apply to and are binding upon the United States and upon the Defendant and its successors. Any change in the Defendant's ownership or corporate status shall not alter their obligations hereunder.

3.      Defendant Tauber shall pay to the United States of America a total penalty of $700,000.00 according to the following schedule:  (a) Not later than thirty calendar days after entry of this Stipulation as an Order of the Court, Defendant Tauber shall pay to the United States of America $350,000.00; (b) Not later than 12 months after entry of this Stipulation as an Order of the Court, Tauber shall pay to the United States of America an additional $350,000.00 plus accrued interest at the rate specified in 28 U.S.C. § 1961. Interest shall accrue from the thirtieth day after entry of this Stipulation. Payment of this amount shall be made to the United States by electronic funds transfer ("EFT") to the U.S. Department of Justice lockbox bank, referencing the DOJ file number 90-5-2-1-11634. Payment shall be made in accordance with the instructions provided by the United States to Tauber upon entry of this Stipulation. Payments by EFT must be

– 2 –

received by the U.S. Department of Justice lockbox bank by 11 a.m. to be credited on that day.

A copy of the EFT transmittal notice shall be delivered to:

> Director, Air Enforcement Division
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, N.W.
> Mail Code: 2242A
> Washington, D.C. 20460
>
> and
>
> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, D.C. 20044-7611
> Re: DOJ #90-5-2-1-11634

4.      Within ten (10) business days of receipt of Tauber's payment referred to above, the United States shall file a notice with the Court, indicating that payment has been received, and that the United States' claims against Tauber alleged in the Complaint are dismissed with prejudice, with each party bearing its own costs and attorney fees.

5.      In the event that the Defendant does not comply with the payment obligations of Paragraph 3 above, it shall be in violation of this Stipulation and shall pay a stipulated penalty to the United States in the amount of three thousand dollars ($3000) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall accrue regardless of whether Defendant has been notified of a violation or demand for payment by the United States. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 3 above for payment of the civil penalty. Further, interest shall continue to accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such

penalties are due and continuing until paid. If payment specified in Paragraph 3 is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation and reinstate this action.

6.     If the payment provided for in this Stipulation is not timely paid, this Stipulation shall be considered an enforceable judgment for purposes of post-judgment collection of any unpaid amounts in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable federal authority. Tauber shall be liable for reasonable attorney fees and costs incurred by the United States to collect any amounts past due under this Stipulation.

7.     This Court shall retain jurisdiction for the purpose of interpreting and enforcing this Stipulation.

8.     Tauber's payment of the civil penalty identified in Paragraph 3 above and any stipulated penalties and interest required by Paragraph 5 above shall resolve Tauber's civil liability to the United States for violations identified in the Complaint.

9.     Tauber waives any counterclaims against the United States that might have been filed in this action.

10.     In any subsequent proceeding, Tauber shall not assert any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

11.     Nothing in this Stipulation is intended to operate in any way to resolve any other civil claims or any criminal liability of Settling Defendant Tauber or its agents, successors, assigns, or other entities or persons otherwise bound by law.

12.     This Stipulation may not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the CAA, or under other federal or state laws, regulations, or permit conditions, except for the allegations contained in the Complaint or in the provisions of this Stipulation.

13.     Civil penalties and any stipulated penalties paid pursuant to this Stipulation are not deductible by the Defendant or any other person for federal tax purposes.

14.     Nothing in this Stipulation creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation.

15.      Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state and local laws, regulations, and permits.  Defendant's compliance with this Stipulation is not a defense to any action commenced pursuant to said laws, regulations, or permits.

16.     There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation.

17.     This Stipulation may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

18.     This Stipulation will be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves

the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate. Tauber consents to entry of this Stipulation without further notice and agrees not to withdraw from or oppose entry of this Stipulation by the Court or to challenge any provision of the Stipulation, unless the United States has notified Tauber in writing that it no longer supports entry of the Stipulation.

19.     If for any reason this Court should decline to approve this Stipulation in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

20.     The parties hereby agree that, upon the Court's approval and entry of this Stipulation, it shall constitute a final order of the Court.

## ORDER

As stipulated to and agreed by the parties, IT IS SO ORDERED AND ADJUDGED.

Dated: _3-2-2017_

_____
United States District Judge

FOR PLAINTIFF THE UNITED STATES OF AMERICA:


NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice


JAMES D. FREEMAN
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

-7-

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:**

SUSAN SHINKMAN
Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

PHILLIP A. BROOKS
Director, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

VIRGINIA SORRELL
Attorney, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

**For Defendant Tauber Oil Company:**

RICHARD E. TAUBER
Principal
Tauber Oil Company